Stone v. Burgess.

---

ALPHONZO STONE, Superintendent of the Poor of the County, of Cortland, v. LEWIS A. BURGESS.

(GENERAL TERM, SIXTH DISTRICT, JANUARY, 1870.)

An order for the support of a poor person, under 1 R. S., 614, § 1, *et seq.*, is not invalid, because two out of five children of such person, are directed to furnish the support, nor because they are directed to contribute thereto, in unequal amounts.

The liability of the children charged by the order is several, and either is liable on default, in an action to recover the payment required of him by the order.

An action also lies for the costs awarded on granting such order, against the parties severally charged therewith under section 6.

In counties where all the poor are a charge upon the county, the action is properly brought by the superintendent of the poor (§ 13).

THIS action was brought upon an order, made by the Court of Sessions, of Cortland county, on the 1st day of May, 1865, which required the defendant and his brother, Moreau D. Burgess, to relieve and maintain their father, James Burgess, and to pay the plaintiff, as county superintendent, and his successors in office, three dollars weekly for such purpose, as follows: The defendant to pay $1.91 each week, and Moreau D. Burgess to pay $1.09 each week, to be applied to the relief and maintenance of the said James Burgess, until the further order of the court, or until the death of the said James Burgess. The order also required, that within ten days after service of a copy of it, the defendant should pay the sum of $19.09, and that the said Moreau D. Burgess should pay the sum of $10.91, to the plaintiff as county superintendent, for the costs and expenses of the application for the order, and of the proceedings therefor.

The order showed that James Burgess was a poor person, who was old and decrepit, so as to be unable by work to maintain himself, residing in the town of Marathon, in the county of Cortland. It also showed that he had five children. But it did not show that either of his children, except the defendant, and Moreau D. Burgess, was of sufficient ability to relieve and maintain him, or to contribute any sums for that purpose.

The action was commenced on the 28th day of October, 1865. It was tried at the Cortland circuit in June, 1866. The plaintiff claimed, that he was entitled to recover the $19.09 costs, which the order of the Court of Sessions required the defendant to pay him, with $1.45 interest thereon, and for weeks enough, at $1.91 per week, to amount to $40.12, making $69.66 in all. But it appeared that the defendant had paid $7.65, which left a balance of $62.01, which the plaintiff was entitled to recover, if his entire claim was good in law, upon the evidence. The judge charged the jury, that the plaintiff was entitled to their verdict for sixty-two dollars; to which the defendant excepted. The defendant asked the judge to charge the jury, that he was not liable in

Stone *v.* Burgess.

the action for the costs granted in the order. The judge refused so to charge; to which refusal the defendant excepted.

The evidence showed that neither the plaintiff, nor the overseer of the poor of the town of Marathon, had paid or incurred any expense for the support and maintenance of James Burgess, except as follows, to wit: Soon after the order was made, the defendant and his brother, Moreau D. Burgess, made an arrangement with the overseer of the poor of the town of Marathon, which was approved by the plaintiff, that James Burgess should first live with, and be supported for a time by, Moreau D. Burgess, and that then he should live with, and be supported awhile by, the defendant. James Burgess lived with Moreau D. Burgess, and was supported by him all, or nearly all, the time until this action was commenced. The defendant paid $7.65 to the overseer of the poor for the first thirty days during which Moreau D. Burgess supported his father James, which money the overseer of the poor paid over to Moreau D. The defendant was maintaining his father at his own house at the time of the trial, and it may be inferred from the case that the defendant had supported his father for a considerable period previous to that time.

The overseer of the poor testified that a part of the arrangement between the defendant and his brother, Moreau D., was, that while one kept their father the other was to pay. That the defendant was to pay $7.65 for every thirty days he remained with Moreau D.; and when the defendant maintained him Moreau D. was to pay $1.09 per week.

The defendant testified that he did not know whether anything was said in the arrangement as to what the contract imposed upon him and his brother Moreau D., respecting the payment of money. That he and Moreau D. were to contribute to the support of their father, according to the sums required by the order.

The plaintiff did not understand the arrangement to dispense with the payment of the money specified in the order. But it was his understanding, as well as that of the overseer

of poor of Marathon, that the money required by the order should be paid.

The defendant testified, that at the end of the first thirty days, he gave Moreau D. notice, through the overseer of the poor, that he would be ready to take his father at the end of the next thirty days; and that he then was ready to keep him, and had been ever since that time. And the overseer of the poor testified that he gave that notice to Moreau D.; and that he informed the plaintiff of the arrangement after it was made, who approved of it. The arrangement and notice were not in writing.

The defendant asked the judge to submit to the jury the question, whether the contract was not fulfilled upon the part of the defendant. The judge refused to do so; and the defendant excepted.

The defendant asked the judge to submit to the jury, whether the fair interpretation of the contract was not, that the defendant could keep his father after the end of thirty days in full satisfaction of the terms of the order; which the judge refused to do, and the defendant excepted.

The jury rendered a verdict in favor of the plaintiff for sixty-two dollars. Judgment was entered thereon in his favor with costs, and the defendant appealed. No question has been raised that the case is not properly before the General Term. But there is not any notice of appeal in the case.

*Ballard & Warren*, for the plaintiff.

*Waters & Waters*, for the defendants.

Present—BALCOM, BOARDMAN, PARKER and MURRAY, JJ.

By the Court—BALCOM, P. J.  The presumption from the order of the Court of Sessions is, that three of the five children of James Burgess were unable to contribute toward his support, and that the defendant ought to pay more for that purpose than his brother, Moreau D. Burgess, by reason of a difference in their abilities.

No question was raised on the trial as to the validity or regularity of the order; but it is now claimed by the defendant's counsel that the order was void, because it did not require all the five children of James Burgess to relieve and maintain him, and for the reason that it compelled two of his relatives of the same degree, namely, two of his sons, to contribute unequally for his maintenance.

James Burgess, being old and decrepit, so as to be unable by work to maintain himself, it was the duty of his children, who were of sufficient ability, at their own charge, to relieve and maintain him in such manner as should be approved by the overseer of the poor of the town of Marathon, where the old man, James Burgess, was. (1 R. S., 614, § 1.) In those counties where all the poor are a charge upon the county, the superintendents of the poor are to act instead of the overseers of the poor. (Id., p. 616, § 13.) And it is proper to infer that all the poor in Cortland county are a charge upon that county, for the reason that the superintendent procured the order in this case and brought this action, and no objection has been taken that the overseer of the poor of Marathon should have obtained the order and brought the action instead of the superintendent. (See 1 R. S., 615, § 7.)

The right to apply to the Court of General Sessions of the Peace of Cortland county for an order, and of that court to make one, and require the children of James Burgess, against whom the order was made, to pay the costs and expenses of the application, was conferred by sections 2, 3, 4, 5 and 6 of the Revised Statutes. (1 R. S., pp. 614 and 615.) By section 3, the Court of Sessions "shall order such of the relatives aforesaid of such poor person *as appear to be of sufficient ability* to relieve and maintain such person, and shall therein specify the sum which will be sufficient for the support of such poor person, to be paid weekly." Section 4 authorizes the Court of Sessions to "direct two or more relatives of different degrees to maintain such poor person," and to "prescribe the proportion which each shall contribute for that purpose." That section also authorizes the Court of Sessions,

when it shall appear that the relatives liable to maintain a poor person are not of sufficient ability wholly to maintain such poor person, but are able to contribute something, to direct the sum, in proportion to their ability, which such relatives shall pay weekly for that purpose. And I must say that a careful reading of all the statutes referred to, satisfies me that the order of the Court of Sessions in this case was valid; and the evidence shows it was obtained upon due notice, and that it was in all respects regular. It was duly served on the defendant and his brother, Moreau D. Burgess.

The statutes expressly authorize the plaintiff to maintain this action, to recover the sum the order required the defendant to pay weekly, for the support of his father. (1 R. S., 615, § 7; id., 616, § 13.)

The Court of Sessions is authorized to enforce the payment of such sum, and the payment of the costs and expenses of the application for the order, "by process of attachment." (1 R. S., 615, § 6.) But neither section 7 nor section 13, above cited, authorizes the recovery of such costs and expenses by action. The order, however, respecting such costs and expenses, was equivalent to a judgment that the defendant pay $19.09 to the plaintiff, within ten days after service of a copy thereof. And I am of the opinion that sum could have been recovered in the old action of debt. (See 1 Cow. Tr., 2d ed., 38 to 41; Gra. Pr., 2d ed., 84.) And I am unable to see any valid objection to the recovery of such costs and expenses in this action under the Code.

The only other question in the case, is whether the defendant established a defence to the recovery of the $1.91, which the order required him to pay weekly, to be applied to the relief and maintenance of his father. The statute is, if any relative, who shall have been required by such order to relieve or maintain any poor person, shall neglect to do so, in such manner as shall be approved by the overseers of the poor of the town where such poor person may be, and shall neglect to pay to such overseers (in this case the superintendent) weekly, the sum prescribed by the court for the

support of such poor person," the action may be maintained. (1 R. S., 615, § 7 ; id., 616, § 13.)  Now, as I understand the evidence in the case, the plaintiff recovered the weekly sum, only for the time the defendant did not relieve or maintain his father, prior to the commencement of the action.  And the statute makes him liable to pay the sum of $1.91, weekly, as fixed by the order, for every week he neglects to relieve or maintain his father.  It also makes his brother, Moreau D., liable to pay the sum of $1.09 weekly, as specified in the order, for each week he neglects to relieve or maintain his father.  The order fixed the expense weekly, of relieving, and maintaining James Burgess, at three dollars; and the liability of the defendant, and of Moreau D., to contribute toward that expense, is several, and not joint.  It is not necessary, that both of them should neglect to relieve or maintain their father, to render the one who does not relieve, or maintain him, liable to pay the sum the order requires him to pay for that purpose.  The statute is, " if *any* relative," etc., shall neglect, etc., the action may be maintained against him, provided he does not pay the sum weekly prescribed by the court.  (1 R. S., 615, § 7.)

If the foregoing views are correct, no error was committed on the trial, and the judgment in the action should be affirmed with costs.

So decided.